IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51179
Conference Calendar

_____


JAMES HENRY BANKHEAD, also known as
H. Bankhead, also known as James X,

Plaintiff-Appellant,

versus

JAMES HEYENS, Nurse,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-690
- - - - - - - - - -

August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

James Henry Bankhead, Texas prisoner # 347694, has filed a motion for leave to proceed in forma pauperis ("IFP") on appeal, following the dismissal of his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  By moving for IFP status, Bankhead is challenging the district court's certification that IFP status should not be granted on appeal because his appeal presents no nonfrivolous issues and is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bankhead argues that the district court erred in holding that James Heyens was not deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Bankhead's medical records indicate that he received adequate medical care for his stomach problems. Bankhead's disagreement with his medical treatment does not establish a constitutional violation. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Bankhead has not shown that he will raise a nonfrivolous issue on appeal. Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issue. Bankhead's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Bankhead's § 1983 action as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal as frivolous also counts as a strike for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Bankhead already had one strike against him for purposes of § 1915(g) in Bankhead v. Turnbow, No. 7:97-CV-160 (N.D. Tex. July 11, 1997), which was affirmed by this court in Bankhead v. Turnbow, No. 97-10886 (5th Cir. Dec. 10, 1997). Bankhead has now accumulated three strikes. He may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.